*907 Memorandum. Order of the Appellate Division affirmed. On no view of the evidence has a justification defense been established. Even if defendant had actually believed that he had been threatened with the imminent use of deadly physical force, and there is no evidence that he had so believed, his reactions were not those of a reasonable man acting in self-defense (Penal Law, § 35.15). If his fear had been that of close combat with his alleged pursuers, retreat into his home would have been of avail rather than wanton shooting. And, if defendant had been afraid of being shot before he could enter his home, unlikely since he was shooting from his own driveway, taking random shots at an automobile with six occupants was not apt to give him much time. Hence, defendant’s conduct could not be reasonably perceived to have been useful in evading danger, let alone "necessary to defend himself’ (Penal Law, § 35.15). Indeed, the short of it all is that from the inception of defendant’s transaction with his "enemies” he had initially sought them out for a confrontation, backed away when outnumbered, and then when they followed him to his neighborhood, he shot at them before he had completed his "retreat” which was largely successful and could have been consummated by withdrawal in complete safety to his home. A jury charge on the issue of justification was, therefore, unnecessary.
Concerning the issue of exclusion of women from the jury, it is foreclosed by this court’s holding in People v Parks (41 NY2d 36, 41-45) and People v Huffman (41 NY2d 29, 35).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.